UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAMARCUS JAVELL LEE,

                Plaintiff,

v.

SAGINAW CORRECTIONAL
FACILITY et al.,

                Defendant.

_____/

Case No. 1:25-cv-1202

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court

has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C.

§ 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all

matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1,

PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial

review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131,

1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining

a putative defendant's relationship to the proceedings. "An individual or entity named as a

defendant is not obliged to engage in litigation unless notified of the action, and brought under a

court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred when he was transferred from the Saginaw Correctional Facility (SRF) in Freeland, Saginaw County, Michigan, to ICF. Plaintiff sues SRF/the SRF mailroom, ICF/the ICF

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

mailroom,[2] ICF Start Program, ICF Inspector Unknown Salinas, ICF Assistant Deputy Warden Mario Williams, and ICF Deputy Warden Janna Garcia. (Compl., ECF No. 1, PageID.1–2.)

In Plaintiff's complaint, Plaintiff states that from April 15, 2025, to April 18, 2025, he was in segregation at SRF. (*Id*. PageID.3.) During this time, Plaintiff alleges his mail "was put in a folder until [his] release."[3] (*Id*.) When Plaintiff was transferred to ICF, Plaintiff claims Defendant SRF did not forward his mail to him "even after [he] wrote a letter to them." (*Id*.) Plaintiff also asked Defendant ICF mailroom about the missing mail. (*Id*.) The ICF mailroom told Plaintiff they are "not doing it" and told Plaintiff to ask the inspector, Defendant Salinas. (*Id*.) Plaintiff sent a kite to Defendant Salinas. (*Id*.) Defendant Salinas "never responded until 3 months later after promise of filing a lawsuit and said [Plaintiff] never had [] mail." (*Id*.) Plaintiff alleges that Defendant Salinas's response was false because, at some point, Plaintiff logged on to JPay and saw he had mail before he logged off. (*Id*.) Plaintiff states that he could not read the mail, he "just seen it was there because [he is] in a program where [he] can't use JPay[.]" (*Id*.) Then, Plaintiff states that he told Defendants Salinas, Williams, and Garcia that he had mail, but "they said no [Plaintiff] didn't." (*Id*.)

Plaintiff alleges that, at some point, he was able to access JPay again and saw "they deleted all [of his] mail." (*Id*.) Plaintiff states "personal mail" was deleted that would "help get [him] out of prison" and the deletion of which "set [Plaintiff] back with pending litigation and hindered [him] from family support, who now [he] has lost contact with." (*Id*.) Plaintiff asserts the deletion of the

---

[2] In the case caption of the complaint, Plaintiff indicates that he is suing "Mailroom at ICF" and in the list of Defendants, Plaintiff indicates that he is suing "Ionia Correctional Facility Mailroom." (Compl., ECF No. 1, PageID.1, 2.) Out of an abundance of caution, the Court construes Plaintiff's complaint to sue both ICF and the ICF mailroom.

[3] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

mail was a "devastating blow to [Plaintiff's] mental health and progress [he] was making." (*Id.*) Plaintiff explains that his "hands are tied because [he] is in this emotional based program so all [he] can do is [] file a lawsuit, anything else will set [Plaintiff] back and hinder [him] from parole." (*Id.*)

Based on the foregoing allegations, the Court broadly construes Plaintiff's complaint to raise a due process claim based on the alleged violation of Plaintiff's liberty interest in receiving mail and deprivation of property.[4] As relief, Plaintiff requests "all [of his] JPay mail from April until now that they deleted and failed to send [him]" and requests a "JPay player now [and] access to JPay right now every day for an hour a day." (*Id.*, PageID.4.) Plaintiff further requests additional unspecified "injunctive and declaratory relief." (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim under Rule 8 if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[4] *See, e.g.*, *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) (discussing that prisoners have a liberty interest in receiving mail protected by the First and Fourteenth Amendments).

678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Defendants SRF/SRF Mailroom, ICF/ICF Mailroom, and ICF Start Program**

Plaintiff names SRF and ICF as Defendants. (Compl., ECF No. 1, PageID.1.) Then, in the section labeled "Parties" on the following page of the complaint, Plaintiff lists the SRF mailroom and ICF mailroom as Defendants. (*Id*., PageID.2.) Whether Plaintiff intends to name SRF and ICF, the SRF mailroom and ICF mailroom, or all of these entities, as Defendants, Plaintiff may not maintain a section 1983 action against these entities and the ICF Start Program, as explained below.

As an initial matter, SRF and ICF are not separate entities that are capable of being sued. *See, e.g.*, *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013) (discussing that "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners," and "[t]hey are not the proper public entity for suit"). SRF and ICF are correctional institutions "operated by the MDOC," and are not proper public entities subject to suit under 42 U.S.C. § 1983. *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009). Likewise, the ICF Start Program is not a separate entity capable of being sued. Therefore, SRF, ICF, and the ICF Start Program, are properly dismissed as Defendants.

As to Defendants SRF mailroom and ICF mailroom, any "[s]ummary reference to a single, five-headed 'Defendants' [or 'they'] does not support a reasonable inference that each Defendant is liable…." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). Under section 1983, the alleged deprivation of a right must be caused by a person acting under color of state law. *Poole*, 2009 WL 2960412, at *1. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne*, 655 F.3d at 564 (citation omitted); *see also Iqbal*, 556 U.S. at 676. Plaintiff alleges that he sent a letter to the SRF mailroom regarding his mail, but he does not state whether he received a response. (Compl., ECF No. 1, PageID.3.) Plaintiff asserts that he then sent the ICF mailroom a kite about his missing mail, and "they said they're not doing it." (*Id*.) Then, Plaintiff asserts that "they deleted all [his] mail." (*Id*.) Refences to the SRF mailroom, ICF

7

mailroom, and "they," do not support a reasonable inference that each person working for those entities violated Plaintiff's constitutional rights. *See Boxill*, 935 F.3d at 518.

Accordingly, for these reasons, Plaintiff's claims against Defendants SRF, ICF, ICF Start Program, SRF mailroom, and ICF mailroom will be dismissed for failure to state a claim.

### B. Defendants Salinas, Williams, and Garcia

Plaintiff alleges that Defendant ICF Inspector Salinas, Defendant ICF Deputy Warden Garcia, and Defendant ICF Assistant Deputy Warden Williams, falsely told Plaintiff that he did not have any mail from the time that Plaintiff was incarcerated at SRF. (Compl. ECF No. 1, PageID.3.) Plaintiff also asserts that "they deleted all [his] mail" from SRF, and the Court generously construes this to be a reference to Defendants Salinas, Williams, and Garcia. (*Id.*)

However, Plaintiff fails to allege any facts to allow the Court to draw the reasonable inference that Defendants Salinas, Williams, and Garcia were personally involved in the deletion of his mail. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's complaint asserts that, when he was transferred from SRF to ICF, his mail from SRF was not forwarded to him at ICF. (Compl., ECF No. 1, PageID.3.) Plaintiff concludes this mail was deleted. (*Id*.) Although Plaintiff alleges in a conclusory manner that "they deleted all [his] mail," Plaintiff does not set forth any facts to suggest that Defendants Salinas, Williams, and Garcia were responsible for deleting Plaintiff's mail from SRF. (*See generally id*.) Moreover, these Defendants are ICF employees and cannot be held liable for actions of staff at SRF. *See Iqbal*, 556 U.S. at 676. And to the extent Plaintiff claims these Defendants failed to remedy unconstitutional actions of the SRF staff, a claim under section 1983 cannot be based upon "a mere failure to act[,]" and must "be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, Plaintiff's claim against Defendants Salinas, Williams, and Garcia will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 211–212 (2007). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:    June 26, 2026                              /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     United States Magistrate Judge